IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Bridget Turner | ) | Judge Susan Pierson Sonderby |
| | ) | |
| Debtor. | ) | Case No. 09-22005 |
| _____ | ) | |
| | ) | |
| Bridget Turner | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Internal Revenue Service, U.S. Department of Treasury | ) ) | |
| | ) | |
| Defendant. | ) | |

## ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

NOW COMES the Debtor-Plaintiff in this matter, Bridget Turner, by and through her attorneys at Forrest Ingram, P.C., and pursuant to §§ 523 and 727 of the United States Bankruptcy Code, and Rules 4007 and 7001(6) of the Federal Rules of Bankruptcy Procedure, brings this adversary proceeding to determine that her obligation to the United States of America for income taxes for the calendar year 2005 was discharged in these Bankruptcy Proceedings and in support thereof states as follows:

1. Bridget Turner ("Debtor") filed her petition for relief under Chapter 7 of Title 11 of the United States Code on June 17, 2009.

2. Debtor listed the Internal Revenue Service of the United States of America as a creditor for unpaid income taxes in the sum of $18,313.30 for the tax year 2005.

3. The Internal Revenue Service, although properly notified of the bankruptcy case, never filed a claim in the estate.

4. 11 U.S.C. § 523 provides:

>  (a) A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt—
>> (1) for a tax or a customs duty—
>>> (A) of the kind and for the periods specified in section 507 (a)(3) or 507 (a)(8) of this title, whether or not a claim for such tax was filed or allowed;
>>> (B) with respect to which a return, or equivalent report or notice, if required—
>>>> (i) was not filed or given; or
>>>> (ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or
>>> (C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax;

5. 11 U.S.C. 507(a)(8)(A) provides:

> **(a)** The following expenses and claims have priority in the following order:
>> **(8)** Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—
>>> **(A)** a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition—
>>>> **(i)** for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;
>>>> **(ii)** assessed within 240 days before the date of the filing of the petition, exclusive of—
>>>>> **(I)** any time during which an offer in compromise with respect to that tax was pending or in effect during that 240-day period, plus 30 days; and
>>>>> **(II)** any time during which a stay of proceedings against collections was in effect in a prior case under this title during that 240-day period, plus 90 days.
>>>> **(iii)** other than a tax of a kind specified in section 523 (a)(1)(B) or 523 (a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case;

6. The debt obligation of the Debtor for 2005 Federal Income taxes is dischargeable because:

   a. The tax return for 2005 was due April 15, 2006, which is over three years before the bankruptcy filing. Three years before the bankruptcy filing would be June 17, 2006.

   b. The tax return for 2005 was filed October 16, 2006, which is over two years before the bankruptcy filing. Two years before the bankruptcy filing would be June 17, 2007.

   c. The Internal Revenue Service assessed the income tax on August 25, 2008, which is over 240 days before the bankruptcy filing. 240 days before the bankruptcy filing would be October 20, 2008. See Debtor's Tax Transcript for 2005, attached hereto as **Exhibit A**.

   d. No offers in compromise with respect to the tax were in effect during the applicable 240 day period plus 30 days; nor was a stay against proceedings in effect under Title 11 of the United States Code during the applicable 240 day period plus 90 days.

7. For all of the above reasons, Debtor is entitled to a discharge of her debt to the Internal Revenue Service for income taxes for the tax year 2005.

**WHEREFORE**, the Plaintiff requests that this Court enter judgment in her favor and against the Internal Revenue Service, U.S. Department of Treasury, declaring Debtor's obligation to the United States of America Internal Revenue Service for unpaid income taxes for the year 2005 discharged, and for such other and further relief as the Court deems just and equitable.

                        Respectfully submitted,

                        BRIDGET TURNER

                        By:   /s/  Forrest L. Ingram
                                One of her attorneys

Forrest L. Ingram #3129032
Forrest L. Ingram, P.C.
79 West Monroe Street, Suite 1210
Chicago, IL 60603-4907
(312) 759-2858